IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHARLES JOSEPH WASSIL
         Petitioner,                      *

      v.                                      *   CIVIL ACTION NO. DKC-12-1519

LISA THAYER WELCH              *
         Respondent,
                                        ***

## MEMORANDUM OPINION

On May 21, 2012, Charles Joseph Wassil ("Wassil"), currently held at the Garrett County Detention Center in Oakland, Maryland, filed a Petition which appears to challenge his extradition from West Virginia to Maryland on a violation of probation (VOP) detainer warrant. He filed the action against Garrett County State's Attorney Lisa Thayer Welch, claiming that she does not have jurisdiction over the VOP because he previously filed notice under the interstate compact agreement, which Welch and a circuit court judge signed. He accuses Welch of kidnapping him because he is not being held on any charges set out in the agreement.[1]

While self-represented actions are to be generously construed, federal courts are not required to conjure up questions never squarely presented to them. *See Beaudett v. City of Hampton*, 775 F. 2d 1274, 1277 (4th Cir. 1985). Further, a pleading which sets forth a claim for relief shall contain a short and plain statement of the grounds upon which the court's jurisdiction depends; a short and plain statement of the claim showing that the pleader is entitled to relief; and a demand for judgment

---

[1] According to Wassil, he was found not guilty of the unauthorized taking of a vehicle on April 24, 2012. The Maryland criminal court docket, however, shows that in November of 1996, Wassil pled guilty to one count of second-degree burglary. He was sentenced to 10 years incarceration and five years of probation. *See State v. Wassil*, 11K96003014 (Cir. Ct. for Garrett County). That docket also shows that on April 30, 2012, that case was reopened. A VOP hearing, scheduled for May 31, 2012, was postponed. *See http://casesearch.courts.state.md.us/inquiry/inquiryDetail.*

for the relief the pleader seeks. *See* Fed. R. Civ. P. 8(a). Although an action need not contain detailed allegations, the facts alleged must be enough to raise a right to relief above the speculative level and require "more than labels and conclusions," as "courts are not bound to accept as true a legal conclusion couched as a factual allegation." *See Erickson v. Pardus*, 551 U.S. 89, 92 (2007); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 569, n. 14 (2007) ("[o]n certain subjects understood to raise a high risk of abusive litigation, a plaintiff must state factual allegations with greater particularity than Rule 8 requires").

To the extent that Wassil is seeking federal court review of and intervention into his pending state charge and detention, his action is construed as a 28 U.S.C. § 2241, petition for habeas corpus relief and shall be dismissed. Unless extraordinary circumstances are present, a federal court must not interfere with ongoing state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37, 53-54 (1971). Pretrial habeas relief is only available if a petitioner has exhausted state court remedies and "special circumstances" justify federal review. *See Dickerson v. Louisiana*, 816 F.2d 220, 226-29 (5th Cir. 1987). There is no evidence that Wassil has exhausted his state court remedies. In addition, his claims do not warrant federal intrusion.[2]

For the aforementioned reasons, the action is hereby dismissed. A separate Order follows.

Date:   June 6, 2012                         /s/
                                             DEBORAH K. CHASANOW
                                             United States District Judge

---

[2]     To the extent that Wassil seeks to file criminal charges against Welch, he has no free-standing right to seek the criminal prosecution of individuals. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also Otero v. United States Attorney General*, 832 F.2d 141 (11th Cir. 1987).